<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ROBERT I. ARCHIE**, <br><br> Plaintiff, <br><br> v. <br><br> **HAMILTON TOWNSHIP MUNICIPAL COURT**, *et al*, <br><br> Defendants. | Civil Action No. 19-20975 (ZNQ) (DEA) <br><br> **OPINION** |

<u>**QURAISHI, District Judge**</u>

**THIS MATTER** comes before the Court upon a Motion to Dismiss ("Motion") filed by Defendant Judge Douglas Hoffman ("Defendant Hoffman"). ("Motion," ECF No. 32.) Defendant filed a Brief in Support of the Motion. ("Moving Br.," ECF No. 32-1.) Plaintiff Robert I. Archie ("Plaintiff") opposed the Motion. ("Opp'n Br.," ECF No. 35), to which Defendant replied, ("Reply," ECF No. 37). The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated herein, the Motion will be granted.

**I.      BACKGROUND AND PROCEDURAL HISTORY**

On December 3, 2019, Plaintiff filed this action against Defendant Hoffman, Hamilton Township Municipal Court ("Defendant Hamilton Township"), and State of New Jersey

1

("Defendant State of New Jersey").[1] ("Compl.," ECF No. 1.) On June 29, 2021, Defendant Hoffman filed his Motion to Dismiss. (ECF No. 32.)

In pertinent part, Plaintiff, a *pro se* party, alleges Defendant Hoffman, a municipal judge, "punished and sentenced [him] for a charge that was previously dismissed by the court [after] [t]he case was already closed."[2] (Compl. ¶ 3.) More particularly, Plaintiff seems to allege there was a violation of his right against double jeopardy under the Fifth Amendment. (*See* Civ. Cover Sheet to Compl., ECF No. 1-1.) Plaintiff alleges Defendant Hoffman is specifically liable because he was the one who "handed down the sentence." (*Id.* ¶ 3.) This sentence, Plaintiff alleges, was witnessed by "employees of the court" and the "proceedings transcript and other documentation . . . also . . . support[s] [his] claims. (*Id.*) Plaintiff alleges that, as a result of Defendant Hoffman's actions, he suffered injuries including "emotional distress [and] financial restraint." (*Id.* ¶ 4.) Given these injuries, Plaintiff seeks the following relief: (1) for the Court to '[i]mpose the maximum penalty required by law . . . ," (2) removal of [Defendant Hoffman] from the bench . . . ," and (3) "[c]ompensatory, punitive, emotional and prejudgment [damages exceeding] $75,000." (*Id.* ¶ 5.)

## II.     PARTIES' ARGUMENTS

### A. Defendant's Position

First, Defendant Hoffman argues that Plaintiff's constitutional claims, under the Fifth and Sixth Amendments, are not cognizable because "a claim is not enforceable directly under the Constitution, but rather through the procedural vehicles of 42 U.S.C § 1983 and other civil rights statutes." (Moving Br. at 4.) Defendant Hoffman, therefore, contends Plaintiff's complaint should

---

[1] On July 23, 2021, the Court terminated the State of New Jersey as a defendant; it is no longer a party to the suit. (ECF No. 36.)
[2] For the purposes of the Motion, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

be dismissed because it has "[failed] to assert a constitutional violation through one of these procedural vehicles." (*Id.*)

Second, even if the Court were to overlook the Complaint's first defect, Defendant Hoffman argues Plaintiff's claims against him should nevertheless be dismissed because he is protected by judicial immunity stemming from his status as a judge. (*Id.* at 4–5.) More particularly, Defendant Hoffman contends that judicial immunity protects his actions because the allegations relate to "his actions performed in his official capacity as a judicial officer." (*Id.* at 5.) Further, Defendant Hoffman argues that all of the claims are derived from his judicial decision in sentencing Plaintiff, and "Plaintiff has not alleged any facts that Judge Hoffman either performed a non-judicial act or acted without jurisdiction." (*Id.*) Defendant Hoffman contends that even if the facts and allegations were to be read in Plaintiff's favor, evidencing some malice or error, under the applicable case law, Defendant Hoffman is nonetheless protected by judicial immunity while performing his judicial duties." (*Id.*) Therefore, Defendant Hoffman argues Plaintiff's claims against him should be dismissed on this basis as well. (*Id.*)

### B. **Plaintiff's Position**

Plaintiff argues there is sufficient evidence such as the audio transcripts of the relevant proceeding that illustrate Defendant Hoffman's wrongful actions. (Opp'n at 1.) He cites Defendant Hamilton Township's apparent refusal to represent Defendant Hoffman as evidence of his wrongdoing. (*Id.*) Plaintiff also implies the reason the municipal employees did not defend Defendant Hoffman is because the documents and transcript show his wrongdoing. (*Id.* at 1–2.)

Separately, Plaintiff argues that absolute immunity does not apply when government officials violate the Constitution. (*Id.*) Plaintiff contends that absolute immunity should not apply

3

because he has asserted constitutional violations under the First, Fifth, Sixth, and Fourteenth Amendments. (*Id.*)

### C. Defendant's Reply

In his reply, Defendant Hoffman recognizes that *pro se* complaints should be less stringently construed than formal pleadings submitted by a lawyer. (Reply at 1.) However, he also contends that even with the benefit of a more liberal construction Plaintiff is still required to adhere to the Federal Rules of Civil Procedure. (*Id.*).

Defendant Hoffman reiterates that he "enjoys absolute immunity as to all claims for damages." (*Id.* at 2.) In support of this argument, he cites a host of cases from the United States Supreme Court and within the circuit. (*Id.*) He acknowledges that there are two exceptions to absolute judicial immunity, but maintains that they do not apply in this case. (*Id.*) He argues the first exception does not apply because the allegations against him focus solely on conduct that occurred during court hearings. (*Id.*) He argues the second exception is likewise inapplicable because he had jurisdiction and because his actions during these proceedings were clearly judicial actions. (*Id.*) Defendant Hoffman likens Plaintiff's allegations to accusations of "mistakes," "bad faith," and "demeanor," which cannot defeat his absolute immunity. (*Id.* at 3)

### III. LEGAL STANDARD

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 12 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must review "the complaint to strike conclusory allegations." *Id.* The court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most

4

favorable to the plaintiff . . . ." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  In doing so, however, the court is free to ignore legal conclusions or factually unsupported accusations that merely state "the defendant unlawfully harmed me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678) (citation omitted).

It is well established that a "[*pro se*] complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Montgomery v. Pinchak*, 294 F.3d 492, 500 (3d Cir. 2002); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (demonstrating point that a *pro se* plaintiff's pleading must be liberally construed and is held to a lesser standard than that which is applied to pleadings drafted by attorneys).  However, "[e]ven a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Grohs v. Yatauro*, 984 F.Supp.2d 273, 282 (D.N.J. 2013).  "In resolving a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may also be taken into account." *Halstead v. Motorcycle Safety Found., Inc.*, 71 F. Supp. 2d 464, 467 (E.D. Pa. 1999) (citing *Chester County Intermediate Unit v. Penna. Blue Shield*, 896 F.2d 808, 812 (3rd Cir. 1990)).

## IV.    DISCUSSION

As Defendant Hoffman concedes, courts are reluctant to fault a *pro se* plaintiff for technical defects in his pleadings. It is also true that Plaintiff's apparent claims for Constitutional violations must be pleaded through, e.g., a civil rights violation under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff is required to allege that (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a constitutional right.

Here, Plaintiff alleges that he was punished for a charge "that was previously dismissed." (Compl. ¶ 3). Even viewing the Complaint in the most favorable light, however, this allegation has no factual support and is strictly conclusory.

Given Plaintiff's status as a *pro se* party, the Court also examined other items in the record, seeking a basis for his claims. Specifically, the Court reviewed a supplemental pleading Plaintiff filed, albeit an improper one under the Rules, titled "Plaintiff's Response to Defendants Hamilton Township's Answer." (Pl's. Resp. to Defs.' Ans. ECF No. 19.) There, Plaintiff claims he will prove his claims "through the process." (*Id.* at 2.) Plaintiff, also claims Defendant was "negligent, careless, and/or reckless" and that Defendant acted in "bad faith." (*Id.* at 3–5.) These statements are factually unsupported accusations that the Court must ignore. *See Iqbal*, 556 U.S. at 678. And as a result, they are bald accusations that the Court finds it must strike under the 12(b)(6) analysis.[3]

Finally, the Court considers whether the facts alleged in the complaint are sufficient to articulate a plausible claim for relief. Based on these allegations, the Court cannot draw any

---

[3] In an abundance of caution, the Court also reviewed an alternative Complaint that Plaintiff attached to his Plaintiff's Response to Defendants Answer. (ECF No. 19.) That Complaint differs from the originally filed one by including a second page that asserts jurisdiction with the following statements: "The 5th and 6th Amendments is at issue. My freedom of speech and pursuit of happiness has been deeply effected thereby leaving open argument for the 1st Amendment as well." (ECF No. 19-1 at 4.) These conclusory statements do not alter the Court's conclusion on this Motion.

reasonable inferences as to how Defendant Hoffman may have violated Plaintiff's constitutional rights at sentencing.  In short, Plaintiff appears to be suing Defendant Hoffman for ruling against him in municipal court in a way that has not been fully described.

The Court also recognizes that Defendant Hoffman—a judge acting in his judicial capacity—does enjoy absolute immunity for all claims of damages occurring in his judicial capacity.  *Dongon v. Banar*, 363 F. App'x 153, 155 (3d Cir. 2010) ("[J]udges are entitled to absolute immunity from liability based on actions taken in their official judicial capacity.")  Here, Plaintiff alleges Defendant Hoffman was the one who "handed down the sentence" which resulted in his emotional distress and financial restraint damages.  (Compl. ¶¶ 3–4.)  All of Plaintiff's allegations pertain to Defendant Hoffman's actions as a judge at sentencing.  In this context, as noted above, he enjoys absolute immunity from suit and from an assessment of damages.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991).   Allegations of bad faith or malice are insufficient to overcome judicial immunity.  *Id.* at 11.  Even in cases where a judge is accused of acting "maliciously or corruptly," judicial immunity still applies.  *Id.*  (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). *See, e.g.*, *Stump v. Sparkman*, 435 U.S. 349, 365–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . . "); *Gromek v. Maenza*, 614 F. App'x 42, 45 (3d Cir. 2015) (explaining that judicial immunity is not forfeited solely by allegation of malice or corruption of motive.) (citing *Gallas v. Supreme Ct. of Pennsylvania*, 211 F.3d 760, 768 (3d Cir. 2000)).

For all of these reasons, the Court concludes that Plaintiff has not pled a plausible claim for a violation of his civil rights against Defendant Hoffman, nor has he pled a claim that would

overcome Defendant Hoffman's absolute judicial immunity. Accordingly, the Court will dismiss Plaintiff's claims against Defendant Hoffman without prejudice.[4]

## V.  CONCLUSION

For the reasons stated above, Defendant's Motion will be granted. An appropriate Order follows.

Date: February 7, 2022

                                                                       s/ Zahid N. Quraishi

                                                                       **ZAHID N. QURAISHI**
                                                                       **UNITED STATES DISTRICT JUDGE**

---

[4] The Court also notes Plaintiff has indicated at various points that he wishes to obtain and submit transcripts of the municipal court proceedings but that he has been unsuccessful at obtaining them. Should Plaintiff seek to replead his claims against Defendant Hoffman, they may face additional obstacles in the form of: (1) the Rooker-Feldman Doctrine that deprives federal courts of jurisdiction over appeals of state court judgments; and (2) the *Heck* bar against civil rights suits seeking damages based on alleged wrongful convictions that have not already been reversed by, for example, successful appeal in state court. *See Deemer v. Beard*, 557 Fed. App'x. 162, 164–165 (3d Cir. 2014) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). To the extent Plaintiff intends to continue to address Defendant Hoffman's demeanor, such an issue would be better addressed to New Jersey's Advisory Committee on Judicial Conduct.