**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT I. ARCHIE,<br><br>Plaintiff,<br><br>v.<br><br>HAMILTON TOWNSHIP MUNICIPAL COURT,<br><br>Defendant. | Civil Action No. 19-20975 (GC) (JTQ)<br><br>**OPINION** |

**CASTNER, U.S.D.J.**

**THIS MATTER** comes before the Court upon Hamilton Township's Motion for Summary Judgment on behalf of Defendant Hamilton Township Municipal Court pursuant to Federal Rule of Civil Procedure ("Rule") 56.[1] (ECF No. 105.) Plaintiff Robert Archie opposed. (ECF No. 106.) The Court carefully considered the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth herein, and other good cause shown, the motion is **GRANTED**.

**I.     BACKGROUND**

**A.   PROCEDURAL BACKGROUND**

Plaintiff Robert Archie, a resident of Robbinsville, New Jersey, initiated this suit against the Hamilton Township Municipal Court and Judge Douglas Hoffman, claiming that Plaintiff "was punished and sentenced [by Judge Hoffman] for a charge that was previously dismissed by the

---

[1]     The defendant named in Plaintiff's complaint is "Hamilton Township Municipal Court," but Hamilton Township moves for summary judgment, writing that the Hamilton Township Municipal Court was improperly pled. (ECF No. 105 at 3.)

[municipal] court."[2] (ECF No. 1 at 1-4; ECF No. 19-1 at 3-7.[3]) Plaintiff asserted unspecified claims under the Fifth and Sixth Amendments to the United States Constitution. (*Id.*) Plaintiff also wrote that he might pursue a claim under the First Amendment. (*Id.*)

On December 31, 2019, Hamilton Township answered the complaint on behalf of the Hamilton Township Municipal Court. (ECF No. 5.) On June 29, 2021, Judge Hoffman moved to dismiss the claims against him based on judicial immunity. (ECF No. 32.) The Court granted Judge Hoffman's motion on February 7, 2022, dismissing Plaintiff's claims without prejudice. (ECF Nos. 63 & 64.) The Court noted that "Plaintiff seems to allege there was a violation of his right against double jeopardy under the Fifth Amendment," but it found that the allegation that Plaintiff was punished for a previously dismissed charge had "no factual support and [was] strictly conclusory." (ECF No. 63 at 2, 6.) In any event, the Court found that Plaintiff "was suing [Judge] Hoffman for ruling against [Plaintiff] in municipal court in a way that [was] not . . . fully described." (*Id.* at 6-7.) Because Judge Hoffman was entitled to "immunity for all claims of damages occurring in his judicial capacity," the Court concluded that "Plaintiff [had] not pled a plausible claim for a violation of his civil rights against [Judge] Hoffman, nor [had] he pled a claim that would overcome . . . absolute judicial immunity." (*Id.* at 7-8 (collecting cases).)

On July 7, 2022, Plaintiff moved to file an amended complaint to reinstate Judge Hoffman as a defendant. (ECF No. 80.) The proposed complaint alleged that Judge Hoffman sentenced Plaintiff "for a simple assault charge that was previously dismissed by [the] Hamilton Township Municipal Court. On June 14, 2019, [Plaintiff] attempted to explain the error to Judge Hoffman

---

[2] There was a lack of clarity as to whether Plaintiff intended to sue the State of New Jersey, but Plaintiff clarified that he did not intend to do so, and the State was dismissed. (ECF No. 36.)

[3] Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

but was told [he] was being sentenced anyway without the Judge and/or clerk fact-checking to verify if [he] was being sentenced illegally." (ECF No. 80-1 at 3.)

On November 1, 2022, the Court denied the motion to amend. (ECF No 87.) The Court explained that the sparse allegations in the proposed amended complaint did not "overcome the deficiencies identified in" the Court's earlier written decision. (*Id.* at 3.) In particular, Plaintiff did "not plead facts that would overcome [Judge Hoffman's] judicial immunity." (*Id.*)

On December 21, 2023, the Court issued a revised scheduling order noting that discovery was complete and directing dispositive motions be filed by February 2, 2024. (ECF No. 104.) On February 1, 2024, Hamilton Township moved for summary judgment. (ECF No. 105.) Plaintiff opposed on February 15, 2024. (ECF No. 106.) After briefing was complete, Plaintiff made two additional submissions of documents in June 2024.[4] (ECF Nos. 107 & 108.)

## B. Facts Not Genuinely in Dispute

### 1. Assault Charge

On October 9, 2017, a complaint for harassment and assault was filed against Robert Archie in the Hamilton Township Municipal Court. (SMF & RSMF ¶ 2; ECF No. 105-1 at 18-27.[5]) Mr. Archie appeared *pro se* before the municipal court on October 24, 2017. (SMF & RSMF ¶ 3; ECF No. 105-1 at 29.) On November 27, 2017, Mr. Archie filled out a financial questionnaire

---

[4] Because Plaintiff is proceeding *pro se*, the Court has reviewed and considered these supplemental submissions. Neither submission relates to the claims that Plaintiff asserts in this case stemming from Judge Hoffman's June 14, 2019 sentencing decision. ECF No. 107 is an April 2024 wage execution order from the Superior Court of New Jersey, Mercer County, arising from a civil matter wherein Baxter Financial, LLC, appears to be seeking to collect on a debt it alleges that Plaintiff owes. ECF No. 108 states that Plaintiff was terminated from his employment at the New Jersey Association of School Administrators in June 2024, and relates to Plaintiff's alleged theories as to why he was terminated.

[5] Defendant's Statement of Material Facts ("SMF") is at ECF No. 105 at 6-8. Plaintiff's Response to the Statement of Material Facts ("RSMF") is at ECF No. 106 at 4-9.

to establish indigency and an application for a public defender. (SMF & RSMF ¶ 4.[6]) That same day, Mr. Archie appeared *pro se* before Judge Douglas Hoffman, who informed Mr. Archie that there would be a $200.00 assessment for a public defender, that the matter would be relisted for January 22, and that Mr. Archie would meet the public defender on the relisted date. (SMF & RSMF ¶ 5.[7]) Mr. Archie signed an Order of the Court confirming that the public defender fee would be $200.00. (SMF & RSMF ¶ 6.[8])

On February 5, 2018, Mr. Archie appeared before the municipal court, represented by a public defender. (SMF & RSMF ¶ 10.[9]) The assault charges were dismissed due to the failure of witnesses to appear, and Mr. Archie was assessed $200.00 for the public defender over Mr. Archie's objections. (SMF & RSMF ¶ 11; ECF No. 105-2 at 16-18.) Judge Hoffman issued an Order confirming the $200.00 that Mr. Archie was required to pay. (SMF & RSMF ¶ 13.[10])

### 2. Ticket No. HT 186211

On December 14, 2017, Mr. Archie appeared *pro se* before the Hamilton Township Municipal Court for a traffic violation, ticket number HT 186211. (SMF & RSMF ¶ 7; ECF No.

---

[6] Plaintiff contends that this fact "needs to be confirmed with" audio and written transcripts, but a copy of the questionnaire and application is in the record. (*See* ECF No. 105-2 at 2-5.)

[7] Plaintiff contends that this fact is "unclear," but the transcript of the hearing is provided, certified by a court transcriber. (*See* ECF No. 105-2 at 7-9.)

[8] Plaintiff contends that this fact is "unclear," but a copy of the signed Order of the Court is provided. (*See* ECF No. 105-2 at 11.)

[9] Plaintiff denies that he was represented by a public defender, but the transcript of the hearing is provided, certified by a court transcriber. (*See* ECF No. 105-2 at 16-18.) Raymond C. Staub, Esq., appears at the hearing as "public defender for Robert Archie." (*Id.* at 17.)

[10] Plaintiff contends that this fact is "unclear," but a copy of the Order is provided. (*See* ECF No. 105-2 at 20.)

105-2 at 13.) Mr. Archie pled guilty to driving without a license and was ordered to pay a $150.00 fine, $6.00 assessment, and $33.00 in court costs. (SMF & RSMF ¶ 8; ECF No. 105-2 at 14.)

### 3. TICKET NO. HT 188673

On November 29, 2018, Mr. Archie was found guilty in the Hamilton Township Municipal Court for a traffic violation, ticket number HT 188673. (SMF & RSMF ¶ 14.) Mr. Archie was assessed $789.00 in fines and court costs. (SMF & RSMF ¶ 14; ECF No. 105-2 at 22.)

### 4. JUNE 14, 2019 HEARING

On June 14, 2019, Mr. Archie appeared *pro se* before Judge Hoffman in the Hamilton Township Municipal Court. (SMF & RSMF ¶ 15; ECF No. 105-2 at 24.) Judge Hoffman listed Mr. Archie's unpaid fines on the record, which were from ticket numbers HT 177793,[11] HT 186211, and HT 188673 as well as costs related to the dismissed assault charged. (SMF & RSMF ¶¶ 15-16; ECF No. 105-2 at 25.) The total outstanding amount was determined to be $1,835.00. (SMF & RSMF ¶ 18; ECF No. 105-2 at 27-28.) Based on Mr. Archie's non-payment, Judge Hoffman converted the fines to thirty-seven days of community service. (SMF & RSMF ¶¶ 17-18.[12]) Judge Hoffman issued a June 14, 2019 Order for community service, directing Mr. Archie to report to the Community Service Unit on June 26, 2019. (SMF & RSMF ¶ 19; ECF No. 105-2 at 31.) Judge Hoffman wrote that a rescinding order would issue upon completion of nineteen days of community service.[13] (ECF No. 105-2 at 31.)

---

[11]  Judge Hoffman stated that the ticket was "a T-Pay from December 16, 2016." (ECF No. 105-2 at 25.) Plaintiff "agreed to pay $75 every two weeks," but only made one payment. (*Id.*)

[12]  Plaintiff contends that this fact is "unclear," but the transcript confirming the amount of community service ordered is provided. (*See* ECF No. 105-2 at 27-28.)

[13]  The rescinding order would reinstate Mr. Archie's suspended driving privileges.

5

## II.  LEGAL STANDARD

"Summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure." *In re Lemington Home for Aged*, 659 F.3d 282, 290 (3d Cir. 2011). Pursuant to Rule 56, "[s]ummary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 402 (3d Cir. 2016) (citing Fed. R. Civ. P. 56(a)). "A fact is material if—taken as true—it would affect the outcome of the case under governing law." *M.S. by & through Hall v. Susquehanna Twp. Sch. Dist.*, 969 F.3d 120, 125 (3d Cir. 2020) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "And a factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.*

## III.  DISCUSSION

Several grounds necessitate judgment in favor of the Hamilton Township Municipal Court on Plaintiff's federal constitutional claims.

*First*, this Court has identified no authority to suggest that a municipal court may be held liable for the actions of a municipal court judge when, as here, the judge's actions are entitled to absolute judicial immunity and no policy or custom is at issue. To the contrary, courts in this District have ruled that a municipal court is not liable when the judicial actions giving rise to the suit are protected by absolute judicial immunity. *See, e.g., Savage v. Camden Cnty. Corr. Facility*, Civ. No. 16-08199, 2017 WL 1502789, at *6 (D.N.J. Apr. 26, 2017) (Simandle, C.J.) ("Ruling on matters such as driver's license suspension and motor vehicle charges is an integral part of the judicial function and was within the Municipal Court's, the Judges' and the Unnamed Judges' jurisdiction as the court and judges overseeing Plaintiff's post-arrest proceedings. The Municipal Court, the Judges, and the Unnamed Judges are therefore entitled to complete judicial immunity,

and the claims against them must be dismissed with prejudice."); *Rashduni v. Dente*, Civ. No. 16-240, 2016 WL 4035437, at *5 (D.N.J. July 26, 2016) (McNulty, J.) ("The Bergen County Municipal Court is simply the court in which the charges were filed. . . . And the Court would partake of absolute judicial immunity at any rate."); *Caldwell v. Vineland Mun. Ct.*, Civ. No. 08-4102, 2011 WL 900055, at *2 (D.N.J. Mar. 14, 2011) ("[A]ny claim against a court must also be dismissed, when it arises from an adjudicatory process, on grounds of judicial immunity."); *Asbury Park Mun. Ct. v. Walker*, Civ. No. 09-1260, 2009 WL 799947, at *2 (D.N.J. Mar. 25, 2009) ("[T]o the extent that Walker is attempting to bring claims against the Municipal Court overseeing the State Charges, those claims are barred under the absolute immunity doctrine applicable to judicial acts.").

In this case, the Court determined at the motion-to-dismiss stage that Judge Hoffman was entitled to absolute judicial immunity based on what was pled. (ECF No. 63 at 7-8 (collecting cases).) The Court found that Plaintiff was challenging the appropriateness of the sentence imposed in Judge Hoffman's capacity as a municipal court judge, a judicial action protected by absolute judicial immunity. (*Id.*) Nothing proffered on summary judgment alters that earlier conclusion. Plaintiff does not provide evidence or arguments that would support a finding that Judge Hoffman's actions were either nonjudicial or "in clear absence of all jurisdiction." *Capogrosso v. The Supreme Ct. of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)); *see also Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000) ("[A] judge's immunity from civil liability 'is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial acts, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.'" (quoting *Mireles v. Waco*, 502 U.S. 9, 11 (1991)).

"[G]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Humphrey v. Pennsylvania Ct. of Common Pleas of Philadelphia*, 462 F. Supp. 3d 532, 536 (E.D. Pa. 2020) (citation omitted). And a judge is entitled to absolute judicial immunity even if his or her "actions 'were in error, w[ere] done maliciously, or w[ere] in excess of [their] authority.'" *Lacey v. City of Newark*, 828 F. App'x 146, 149 (3d Cir. 2020) (citation omitted); *see also Figueroa*, 208 F.3d at 445 (concluding that municipal court judge was entitled to immunity for holding a party in contempt and jailing him without granting a stay as required by court rule because it was, "at most, an act taken in excess of jurisdiction, just as if a judge had imposed a sentence beyond the statutory limit or . . . had convicted a defendant of a nonexistent offense"); *Selby v. Municipality of Atl. Cnty. Jud. Ct.*, Civ. No. 20-5281, 2020 WL 7778076, at *2 (D.N.J. Dec. 31, 2020) ("Plaintiff's claim against . . . Judge Sandson concerns the failure to inform him of the possibility that the deal for Plaintiff to enroll in drug court would be revoked. Plaintiff alleges Judge Waldman sentenced Plaintiff for violating drug court even though Plaintiff did not participate in drug court. . . . Both judges' actions were part of their adjudication of Plaintiff's criminal charges and the exercise of their sentencing authority, a quintessential judicial function. These actions were within their jurisdictions as municipal court judges, so neither exception to absolute judicial immunity applies.").

Indeed, courts have found that judges are entitled to absolute judicial immunity even when their sentences are alleged to have somehow violated double jeopardy. *See, e.g.*, *Meleika v. Fed. Gov't*, Civ. No. 21-20794, 2022 WL 2274544, at *3 (D.N.J. June 23, 2022) (finding that "there would be judicial immunity to deal with" if the plaintiff sued the district court or the Court of Appeals for alleged violation of his "double jeopardy rights"); *see also Rivers v. King*, 23 F. App'x 905, 908 (10th Cir. 2001) (affirming dismissal, based on absolute judicial immunity, of complaint against state-court judges alleged to have "subjected [the plaintiff] to double jeopardy and

excessive bail"); *Ferguson v. Naftz*, Civ. No. 21-00441, 2022 WL 326601, at *3 (D. Idaho Feb. 3, 2022) ("Judge Naftz's sentencing decision is covered by absolute judicial immunity; therefore, he cannot be sued in a civil rights action for pronouncing an unconstitutional sentence.").

Accordingly, nothing before the Court suggests that the Hamilton Township Municipal Court could be liable for Judge Hoffman's actions that are protected by absolute judicial immunity, particularly when there is no allegation that Judge Hoffman was acting pursuant to an official custom or policy of the municipal court. Judgment is therefore entered in the municipal court's favor on Plaintiff's claims.

*Second*, to the extent the Hamilton Township Municipal Court is an "arm" of the State, Plaintiff's federal constitutional claims would also fail because the municipal court would not be a "person" amenable to suit under 42 U.S.C. § 1983.[14] *See, e.g.*, *Rawlings v. Hamilton Twp. Mun. Ct.*, Civ. No. 10-4626, 2011 WL 1322272, at *2 (D.N.J. Apr. 4, 2011) (Thompson, J.) ("Plaintiff's claim against the Hamilton Township Municipal Court . . . must be dismissed because that entity is not a 'person' capable of being sued under Section 1983."); *Hernandez v. Switzer*, Civ. No. 09-2758, 2009 WL 4730182, at *3 n.5 (D.N.J. Dec. 4, 2009) (Hillman, J.) (holding that the plaintiff's "§ 1983 claims against" the Hamilton Township Municipal Court were "barred because the court is not a 'person' under § 1983").

---

[14] Similarly, courts in this District hold that municipal courts are entitled to Eleventh Amendment sovereign immunity when they meet the criteria to be an "arm" of the State. *See, e.g.*, *Stallings v. New Jersey*, Civ. No. 23-2698, 2023 WL 4074060, at *4 (D.N.J. June 20, 2023) ("This Court finds that the Eleventh Amendment protects Elizabeth Municipal Court . . . from monetary liability. Municipal courts provide judicial services, an area in which local governments are typically treated as 'arm[s] of the State' for Eleventh Amendment purposes, and enjoy the same immunity from suit as states." (citation omitted)); *Nabelsi v. Holmdel Twp.*, Civ. No. 20-20702, 2021 WL 5578851, at *4 (D.N.J. Nov. 30, 2021) ("If Nabelsi sued Meehan in her official capacity, she would benefit from a sovereign immunity defense, as municipal courts are arms of state government."); *Toro v. Toro*, Civ. No. 18-13358, 2019 WL 161508, at *2 (D.N.J. Jan. 8, 2019) (same); *Switzer*, 2009 WL 4730182, at *3 ("[A] suit by a private individual against Hamilton Township Municipal Court is barred by the doctrine of sovereign immunity.").

It is well established that a private citizen cannot typically sue a government body or official directly under the United States Constitution. *See, e.g.*, *Cannie v. Eler*, 2022 WL 3018245, at *4 (11th Cir. July 29, 2022) ("[F]ederal constitutional provisions such as the Fifth and Sixth Amendments do not give rise to a direct cause of action or a free-standing claim against an individual who allegedly violates those provisions."); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) ("This Court has held that a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983."); *Love v. New Jersey State Police*, Civ. No. 14-1313, 2016 WL 3046257, at *4 n.10 (D.N.J. May 26, 2016) ("Although Plaintiffs do not explicitly bring their constitutional claims under 42 U.S.C. § 1983, because there is no direct cause of action under the United States Constitution, the Court construes their claims as such.").

Instead, a plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

[42 U.S.C. § 1983.]

To state a claim for relief under section 1983, a plaintiff must allege, first, "the violation of a right secured by the Constitution and laws of the United States" and, second, that "the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Piecknick v. Com. of Pa.*, 36 F.3d 1250, 1256 (3d Cir. 1994).

Here, Plaintiff asserts claims for violations of his federal constitutional rights against the Hamilton Township Municipal Court. These claims must be brought pursuant to section 1983.

However, courts in this District regularly hold that New Jersey's municipal courts are "arms" of the State and, therefore, not persons amenable to suit via section 1983. *See, e.g., Foster v. Essex Cnty. Corr. Facility*, Civ. No. 23-1613, 2023 WL 6366563, at *6 (D.N.J. Sept. 28, 2023) (Martinotti, J.) ("Plaintiff's § 1983 claims against Defendants Montclair Municipal Court, Clifton Municipal Court, and New Jersey Superior Court, Union Vicinage are also barred because the court is not a 'person' under § 1983."); *Graham v. Rowe*, Civ. No. 19-6757, 2019 WL 3059801, at *3 (D.N.J. July 10, 2019) (Bumb, C.J.) ("The Vineland Police Department and the Vineland Municipal Court, however, are not 'persons' within the meaning of 42 U.S.C. § 1983, and the Court would dismiss the § 1983 claims against them."); *Trapp*, 2018 WL 4489680, at *6 (Wolfson, C.J.) ("I *sua sponte* find that [the Elizabeth Municipal Court] is also not a party that can be sued under Section 1983."); *Caldwell*, 2011 WL 900055, at *2 (Simandle, C.J.) ("[P]laintiff's claim against the Vineland Municipal Court . . . must be dismissed because that entity is not a 'person' capable of being sued under Section 1983."); *Baratta v. City of New Brunswick*, Civ. No. 10-1020, 2010 WL 4867390, at *7 n.3 (D.N.J. Nov. 23, 2010) (Cooper, J.) ("New Jersey recognizes municipal courts as part of the state-wide judicial system and the judicial power exercised by municipal court judges is the judicial power of the State."). Therefore, Plaintiff's claims against the Hamilton Township Municipal Court as an "arm" of the State would fail as a matter of law on this ground as well.

*Third*, even if the Hamilton Township Municipal Court is not an "arm" of the State but a local unit of Hamilton Township that can be sued directly under section 1983,[15] the claims would still fail because this case does not involve an exception to the well-settled principle that "a

---

[15] *See, e.g., Kneisser v. McInerney*, Civ. No. 15-07043, 2018 WL 1586033, at *12 n.12 (D.N.J. Mar. 30, 2018) ("[H]ere the Township is not the arm of the Municipal Court, but rather the Municipal Court is the arm of the Township, and the Township is not entitled to any immunities to suit for its constitutional torts brought under § 1983.").

municipality is ordinarily not liable for the actions of its municipal court judge in the exercise of his or her judicial duties." *Kneisser*, 2018 WL 1586033, at *9; *see also Bradicich v. Twp. of Hanover*, 2010 WL 4007341, at *4 (N.J. Super. Ct. App. Div. Oct. 14, 2010) ("The municipality could not be liable for the actions of the municipal court judge because it had no control over his decisions and actions."); *Cortese v. Strothers*, 2010 WL 3075659, at *2 (N.J. Super. Ct. App. Div. Aug. 9, 2010) ("Plaintiffs are, in essence, dissatisfied with the manner in which the municipal court judge handled those citations. The municipality, however, did not control those judicial actions and it is not responsible for them."); *K.D. v. Bozarth*, 713 A.2d 546, 551 (N.J. Super. Ct. App. Div. 1998) ("Where, as here, the municipality possesses no legal control over the judicial function of its municipal court, it cannot be liable for that court's alleged breaches of constitutional rights of parties appearing before it.").

Indeed, for municipal liability under section 1983, a plaintiff must prove the existence of a policy or custom that resulted in a constitutional violation. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694-95 (1978). Liability "must be founded upon evidence that the government unit itself supported a violation of constitutional rights." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990). A plaintiff can show the existence of a policy when a decisionmaker with final authority "issues an official proclamation, policy, or edict." *Id.* (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). Custom may be established by showing that a "course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Id.* A plaintiff must also "demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 404 (1997) (emphasis in original).

Here, Plaintiff has not identified a custom or policy, specify what that custom or policy was, or allege facts showing a causal link between a policy or custom and a constitutional violation to Plaintiff. Nor does Plaintiff point to any record evidence that suggests that the municipality exercised legal control over Judge Hoffman's decisions or actions in Plaintiff's individual case.[16] So even if Plaintiff's claims are interpreted as being asserted against the Hamilton Township Municipal Court as a local unit of the municipality, the claims still fail as a matter of law. *Hernandez*, 2009 WL 4730182, at *4.

*Fourth*, any claim of judicial error and attempt to relitigate the propriety of the municipal court's sentence must be pursued via an appeal in New Jersey Superior Court. *See, e.g.*, *Avon Mun. Ct. v. Uruza*, Civ. No. 24-00383, 2024 WL 1329171, at *1 (D.N.J. Mar. 28, 2024) ("To challenge a municipal court's order, . . . the proper procedure is to seek review through the state appellate process, and then seek certiorari directly to the United States Supreme Court. The *Rooker-Feldman* doctrine prohibits adjudication of an action where the relief sought would require a federal court to either determine whether a municipal court's decision is wrong or void that decision, preventing the municipal court from enforcing its orders." (citations omitted)); *Donahue v. Acosta*, 789 F. App'x 324, 328 (3d Cir. 2019) ("[T]o the extent that Donahue sought to challenge a final state court conviction, his claim is barred by the *Rooker-Feldman* doctrine. That doctrine deprives lower federal courts of jurisdiction over suits that are essentially appeals from state-court judgments."); *Douris v. New Jersey*, 500 F. App'x 98, 99 n.2 (3d Cir. 2012) ("At the time Douris filed his federal complaint, he had already contested his traffic ticket in municipal courts in New

---

[16] Under New Jersey law, a municipal court's judgment is appealable to New Jersey's Superior Court. *See Baratta*, 2010 WL 4867390, at *7 n.3 ("Municipal courts are courts of record, and appeals from judgments and orders of municipal courts are taken to New Jersey Superior Court. New Jersey statutes establish that the State retains direction and control over municipal courts." (citations omitted)).

13

Jersey and lost, and had attempted to appeal the guilty finding in the Superior Court of New Jersey. We agree that the District Court could not entertain an appeal of the guilty finding.").

Likewise, any section 1983 challenge and request for damages stemming from the violations for which Plaintiff pled or was found guilty would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), until such time as the convictions are overturned in state court. *See Donahue*, 789 F. App'x at 328 ("To the extent that Donahue sought to use a civil rights action to obtain equitable relief – *i.e.*, to have the District Court overturn his state court sentences – his claim is barred by *Heck*. *Heck* holds that, where success in a § 1983 action would necessarily imply the invalidity of a conviction or sentence, an individual's suit for damages or equitable relief is barred unless he can demonstrate that his conviction or sentence has been invalidated.").

*Fifth*, and finally, this is not a case where Plaintiff was jailed based on indigency and his failure to pay a fine in full, which would be constitutionally suspect. *See, e.g.*, *Kneisser*, 2018 WL 1586033, at *5. Rather, after the municipal court determined that Plaintiff had failed to pay prior fines and was unable to pay the outstanding fines and costs, it directed him to engage in community service, a penalty for which there is support in both United States Supreme Court precedent and New Jersey's statutes. *See, e.g.*, *Bearden v. Georgia*, 461 U.S. 660, 672 (1983) ("'[T]he State is not powerless to enforce judgments against those financially unable to pay a fine.' For example, the sentencing court could extend the time for making payments, or reduce the fine, or direct that the probationer perform some form of labor or public service in lieu of the fine." (citation omitted)); N.J. Stat. Ann. § 2B:12-23.1 ("[I]f a municipal court finds that a person does not have the ability to pay a penalty in full on the date of the hearing or has failed to pay a previously imposed penalty, the court may order the person to perform community service in lieu of the payment of a penalty.").

## IV. CONCLUSION

For the reasons set forth above, and other good cause shown, Defendant's Motion for Summary Judgment (ECF No. 105) is **GRANTED**. An appropriate Order follows.

Dated: July 30, 2024

*/s/ Georgette Castner*
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**